IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )  )  **Plaintiff,** )  )  vs. )  )  **0.13 ACRES OF LAND, MORE OR** )  **LESS, LOCATED IN EVERGREEN,** )  **CONECUH COUNTY, STATE OF** )  **ALABAMA; CHARLES M. WARD, JR.;** )  **ADMINISTRATOR, SMALL BUSINESS** )  **ADMINISTRATION; THE COUNTRY** )  **STORE; AND CONECUH COUNTY** )  **REVENUE COMMISSIONER, et al.,** )  )  **Defendants.** ) | **CIVIL ACTION NO. 12-0238** |

**ORDER**

This condemnation action is before the Court on the joint motion to stay filed by the United States of America and defendant Charles M. Ward, Jr. (doc. 20). The United States and Ward move the Court for a stay of 180 days pending resolution of related cases wherein the parties and issues are largely similar. Upon consideration and for the reasons set forth herein, the motion is **GRANTED** as set forth herein.

In general, a district court may stay an action as a means of controlling its docket and managing its cases. *Ortega Trujillo v. Conover & Co. Communications, Inc*., 221 F.3d 1262, 1264 (11th Cir. 2000) ((citing *Clinton v. Jones*, 520 U.S. 681, 117 S.Ct. 1636, 1650 (1997) (a district court has "broad discretion to stay proceedings as an incident to its power to control its own docket"). A district court may also stay an action "pending the resolution of related proceedings in another forum." *Id*. (citation omitted). However, the "district court must limit properly the scope of the stay" and the stay "must not be 'immoderate.'" *Id*. "[A] stay is

immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Id.* (quoting *Landis v. North American Co.*, 299 U.S. 248, 57 S.Ct. 163, 167 (1936)).

This action was stayed until March 1, 2013 and the parties were ordered to file a joint status report by December 14, 2012. (Doc. 18)   In the status report, the United States and Ward report that the parties have engaged in discovery, conferred several times, and are working toward resolution of this action as well as two companion cases: *United States of America v. 55.12 Acres of Land, et al,* Civil Action No. 12-0237-C, and *United States of America v. 74.57 Acres of Land, et al*, Civil Action No. 12-0239-WS-N.  Ward and the United States inform the Court that resolution of the underlying issues in these actions will directly impact the triable issue of just compensation and best use.

As previously stated, the United States paid into Court $483.00 as just compensation for the 0.13 acre at issue and Ward disputed "the correctness of the estimated just compensation". (Docs. 9, 15, 18)  The Court found that "in lieu of costs and expenses of litigation possibly consuming the bulk of the $483.00 or any increase in compensation that may be available for this small parcel of land" the parties "anticipated allowing the just compensation for the 0.13 acre to rise or fall with the just compensation determined" for the larger parcel.

Therefore, upon consideration of the foregoing, the Court finds that a limited stay remains appropriate in this action.  Accordingly this action is **stayed** until **July 9, 2013.  The United States and Ward are ORDERED to file a joint status report on or before April 11, 2013, to advise the Court as to the status of this action.**

Done and ordered this 11th day of January, 2013.

                                          s/ Kristi K. DuBose
                                          KRISTI K. DuBOSE
                                          UNITED STATES DISTRICT JUDGE